**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Wayne PEN, Defendant-Appellant.**

No. 71–1795.

United States Court of Appeals, Ninth Circuit.

Nov. 22, 1971.

Rehearing Denied Dec. 16, 1971.

James F. Flynn (argued), of Flynn & Rusing, Bellingham, Wash., for appellant.

Ernest Scott, Jr., Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before HAMLIN and WRIGHT, Circuit Judges, and CURTIS, District Judge.*

PER CURIAM:

Appellant Pen was found guilty of refusing to report for civilian work ordered in lieu of induction into the Armed Forces. 50 U.S.C. App. § 462. He was sentenced to three years, suspended on condition that he perform two years of alternative civilian service. We affirm.

Pen, a member of Jehovah's Witnesses, registered with his local board in 1964 and was classified I–O. After he

---

* Hon. Jesse W. Curtis, United States District Judge, Central District of California, sitting by designation.

passed a physical examination, the board notified him that he would be given civilian work. He wrote to the board, expressing his belief that his religion prevented him from accepting any work offered through the Selective Service System. He repeated this position to a representative of the state director's office.

In June 1970 Pen was ordered to report to Western State Hospital in Steilacoom, Washington. He went to the hospital and told its personnel director that he would not accept a job with him.

Pen argues that no jobs were in fact available at the time he reported to the hospital. The government concedes this, but observes that the hospital was taking applications, giving tests, and conducting interviews to compile a list of qualified workers to be called as the need arose. Pen refused to cooperate with this procedure. We think his refusal to file a job application under these circumstances can reasonably be viewed as failure to obey a board order to perform civilian work. His conduct obstructed the board's efforts to place him in civilian service.

Pen also argues that the board invidiously discriminated against Jehovah's Witnesses by calling them for work when the board knew no work was available. If only registrants of this faith had been called under these circumstances, perhaps this claim would present a serious constitutional issue. But Pen made no record at trial of the board's practices in ordering registrants to report for civilian work, so we find his claim unsupported in fact. The only inference one can draw from the record before us is that the board ordered all I–O registrants to sign up for work, without discriminating against any subgroup. The testimony of the personnel director at Western State Hospital tends to support that view. He said many I–O registrants put in applications, and only a very few refused to cooperate with his application procedures.

Affirmed.